UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOHN T. MANTANONA,<br>Defendant. | CRIMINAL CASE NO. 19-00027<br>ORDER |

Presently before the Court is Defendant's motion for compassionate release and request to expedite consideration of that motion (Dkt. Nos. 216, 217). Having thoroughly considered the briefing and the relevant record, the Court DENIES compassionate release to Defendant as explained herein.

Defendant pleaded guilty to obstruction of justice by endeavoring to influence a juror. (Dkt. No. 72.) The Court then sentenced him to a 60-month custodial term. (Dkt. No. 195.) Now, having served less than a year, (*see* Dkt. No. 220-1 at 1), Defendant seeks compassionate release. (*See generally* Dkt. No. 216.) In support, Defendant cites his age, medical circumstances, and the restrictive custodial conditions imposed. Indeed, the Court may reduce a sentence, *i.e.*, grant compassionate release, if extraordinary and compelling reasons (amongst other things) warrant such relief. *See* 18 U.S.C. § 3582(c)(1)(A); United States Sentencing Guidelines ("USSG") § 1B1.13. Although Defendant bears the burden of making this showing. *See United States v.*

*DeVore*, 2024 WL 3226683, slip op. at 1 (W.D. Wash. 2024). Because (as described below), Defendants fails to establish the most fundamental of the requirements upon which he relies, extraordinary and compelling circumstances, the Court declines to address other requirements.

While Defendant is over age 65, (Dkt. No. 220-4 at 1), age is only a consideration once an incarcerated Defendant serves 75% of his term of imprisonment (which he has not). *See* USSG § 1B1.13(b)(2). Moreover, Defendant's assertions regarding his medical conditions along with the Bureau of Prisons' inability to address those conditions (thus risking a serious deterioration of health) are inconsistent with the record. (*See generally* Dkt. Nos. 219, 220-4.) Finally, Defendant fails to cite authority for the proposition that the custodial conditions he complains of (alone or in conjunction with his age and medical conditions) constitute extraordinary and compelling circumstances warranting a reduction in sentence. (*See* Dkt. No. 216 at 4.) To the extent Defendant seeks to challenge his custodial conditions, he should do so in accordance with 28 U.S.C. § 2241. But they are insufficient to support the relief sought here pursuant to 18 U.S.C. § 3582(c)(1)(A).

Accordingly, the Court DECLINES Defendant's request for compassionate release.

It is so ORDERED this 13th day of April 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE